FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY N.,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>Defendant. | No. 4:22-CV-05146-JAG<br><br>ORDER GRANTING<br>PLAINTIFF'S MOTION<br>TO REVERSE THE DECISION<br>OF THE COMMISSIONER |

**BEFORE THE COURT** are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 17, 21. Attorney Chad Hatfield represents Timothy N. (Plaintiff); Special Assistant United States Thomas E. Chandler represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 2. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS**

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . . - 1

Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

## I.    JURISDICTION

Plaintiff filed an application for benefits on October 9, 2019, alleging disability since November 1, 2017.  The application was denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Stewart Stallings held a hearing on July 22, 2021, and issued an unfavorable decision on October 7, 2021.  Tr. 17-27.  The Appeals Council denied review on September 22, 2022.  Tr. 1-6.  Plaintiff appealed this final decision of the Commissioner on November 28, 2022.  ECF No. 1.

## II.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting

evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III.   SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### IV.   ADMINISTRATIVE FINDINGS

On October 7, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-27.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of November 1, 2017, through his date last insured of September 30, 2020. Tr. 19.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 3

At *step two*, the ALJ determined Plaintiff had the following severe impairments: obesity; mild left elbow ulnar neuropathy; cannabis abuse; personality disorder; depressive disorder; and anxiety disorder. Tr. 19.

At *step three*, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject to the following additional limitations: he could lift/carry 20 pounds occasionally and 10 pounds frequently; he could sit six hours in an eight-hour workday and stand/walk six hours in an eight-hour workday; he could occasionally climb ladders, ropes and scaffolds; he could occasionally crouch, kneel and crawl; he could frequently handle and finger with the left upper extremity; he could perform simple, routine repetitive tasks; he could not perform production pace or conveyor belt work; he could work in a predictable work environment with occasional, simple workplace changes; and he could have brief, superficial contact with the public and coworkers with no team or tandem task and could brief, superficial contact with supervisors, although up to occasional contact is acceptable for training. Tr. 21.

At *step four*, the ALJ found Plaintiff could not perform past relevant work. Tr. 25.

At *step five*, the ALJ found there were jobs that existed in significant numbers in the national economy that the claimant could have performed, to include office helper, mail room clerk, and small parts assembler. Tr. 26.

The ALJ thus concluded Plaintiff was not disabled from the alleged onset date through the date last insured. Tr. 27.

//
//
//
//

## V. ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ erred by discounting Plaintiff's testimony; (B) whether the ALJ erred at step three; and (C) whether the ALJ erred at step five. ECF No. 17 at 7.

## VI. DISCUSSION

A. **<u>Plaintiff's Testimony.</u>**

Plaintiff contends the ALJ erroneously discounted his testimony, focusing largely on testimony concerning his mental impairments. ECF No. 17 at 12-20. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's mental impairment-related testimony.[2]

---

[2] Separately, the ALJ rejected as non-severe Plaintiff's allegations of tremors at step two, on the ground there was "no observable tremor on exam." Tr. 20. This was error. The ALJ must consider examination evidence within the context of the entire record. *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). The record is replete with various tremor diagnoses and reports to providers of tremors and indicates a sustained effort by Plaintiff and his medical providers to ascertain the root cause of Plaintiff's tremors. *See, e.g.*, Tr. 425, 433, 437, 442, 443, 480, 492, 494, 497, 498, 505. The ALJ's "general finding[]" that fails to contend with other

The ALJ first discounted Plaintiff's mental impairment-related testimony as inconsistent with the medical evidence, specifically noting that Plaintiff's "mental status exams in the record are largely unremarkable—the claimant consistently presents as cooperative and pleasant, with good eye contact, normal behavior, normal speech, a normal or anxious/depressed mood, normal thought process and thought content, intact memory, concentration, attention, etc." Tr. 23. The ALJ further relied on a psychological consultative examination report that "show[ed] the claimant was able to focus and concentrate on the questions asked; he answered questions appropriately and in a timely manner; he had good memory and concentration; and had no problems completing a three-step command." Tr. 23. Finally, the ALJ noted "even when the claimant presents as agitated and/or tangential, he is still able to answer questions appropriate [*sic*], he remains cooperative with providers, and his ability to make reasonable decision [*sic*] is noted to be only mildly impaired[.]" Tr. 23.

       The ALJ erred for two reasons. First, these are not legitimate inconsistencies. Plaintiff's performance on mental status examinations and during consultative examinations – conducted in close and sterile settings with medical professionals – is not reasonably inconsistent with Plaintiff's testimony concerning, among other things, periods of high anxiety and panic, thoughts of self-harm, and suicidal ideation. *See*, *e.g.*, Tr. 61-64. When evaluating medical evidence, an ALJ must present a rational and accurate interpretation of that evidence. *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record").

---

evidence of record is an "insufficient basis" to support the discounting of Plaintiff's tremor allegations. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Second, the ALJ's finding is legally erroneous under Ninth Circuit precedent. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working. Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms. They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.") (cleaned up); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). The ALJ thus erred by discounting Plaintiff's testimony on this ground.

The ALJ also discounted Plaintiff's mental impairment-related testimony as inconsistent with Plaintiff's activities. Tr. 23-24. In support, the ALJ found, among other things, Plaintiff "enjoys watching cartoons to help hire to remember to lighten up, musician, love crafting with my hands and have a shop [*sic*]"; "does all the shopping, is the only cook and cleaner in the house, reads 400 to 500 pages of fantasy fiction per week, plays video games, plays world of warcraft"; and "is able to dress himself, feed himself, cook, clean, handle any and all outside yard work."[3] Tr. 23-24. These exceedingly minimal activities neither "meet the

---

[3] The ALJ also found Plaintiff "does all of his own financial management, along with his wife." Tr. 24. The ALJ overlooked an important piece of context:

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

threshold for transferable work skills," *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), *superseded on other grounds by* 20 C.F.R. § 404.1502(a)), nor validly undermine Plaintiff's allegations, *see Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). The ALJ thus erred by discounting Plaintiff's testimony on this ground.

The ALJ accordingly erred by discounting Plaintiff's mental impairment related-testimony.[4]

## VII. CONCLUSION

This case must be remanded because the ALJ harmfully misevaluated Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. Plaintiff's testimony must be reassessed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme

---

Plaintiff testified that he and his wife filed for divorce, stating his mental health "put an incredible strain on the marriage[.]" Tr. 63.

[4] Because the Court concludes the ALJ erroneously discounted Plaintiff's mental impairment-related testimony – the gravamen of Plaintiff's allegations – it declines to assess whether the ALJ erred by discounting Plaintiff's upper-extremity-related allegations.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 8

remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Because the ALJ misevaluated Plaintiff's testimony, the ALJ will necessarily need to make new step three findings, which were based on the ALJ's evaluation of Plaintiff's testimonial evidence, and determine whether the RFC needs to be adjusted. For this reason, the Court need not reach Plaintiff's remaining assignments of error concerning the other steps of the sequential evaluation process. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall reassess Plaintiff's testimony and reevaluate the steps of the sequential evaluation, as appropriate.

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse, **ECF No. 17**, is **GRANTED**.
2. Defendant's motion to affirm, **ECF No. 21**, is **DENIED**.
3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 29, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE